UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY BAZZY and
AMAL BAZZY,

        Plaintiffs,

vs.

Case No. 09-CV-13436
HON. GEORGE CARAM STEEH

INDYMAC MORTGAGE SERVICES
and INDYMAC FEDERAL BANK,

        Defendants.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (# 5)

Defendant IndyMac Mortgage Services moves to dismiss plaintiffs Jeffery and Amal Bazzy's claims of promissory estoppel, violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., specific performance, violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., and intentional infliction of emotional distress. Oral argument on defendant's motion was held on February 11, 2010. For the reasons set forth below, defendant IndyMac Mortgage Service's motion to dismiss is GRANTED.

### I. Background

Plaintiffs Jeffery and Alam Bazzy filed a complaint in Michigan's Wayne County Circuit Court on July 20, 2009, alleging they purchased the real property commonly known as 30 Snow Ct., Dearborn, Michigan, in 2007. The Bazzys entered into a mortgage with OneWest Bank, FSB, a federally chartered savings bank. Defendant IndyMac Mortgage Services is the servicing arm for OneWest Bank. The Bazzys also named as defendant IndyMac Federal Bank, FSB, which is a failed financial institution over which the Federal Deposit Insurance Corporation ("FDIC") has been appointed Receiver. Claims against IndyMac Federal Bank, FSB, are subject to the FDIC's mandatory administrative claims

process that preempts this court's jurisdiction. 12 U.S.C. § 1821(d)(13)(D). IndyMac Bank does not appear to have been served and no one, including the FDIC, has appeared in the case on its behalf. Under these circumstances, IndyMac Federal Bank is dismissed without prejudice.

OneWest Bank removed the lawsuit to federal court on August 31, 2009, based on federal question jurisdiction over the Bazzys' federal TILA and ECOA claims. IndyMac Mortgage Services, as a division of OneWest Bank, filed the instant motion to dismiss on November 23, 2009.

The Bazzys characterize their complaint as a quiet title action, accusing defendant of wrongfully forcing their property into foreclosure and conducting a sheriff's sale. The Bazzys contend they were mislead during the mortgage closing into signing documents which were not completely filled out. In addition, they allege they were not given assistance with refinancing when the property value declined below what they owed on the mortgage, despite being assured that a modification was available. According to the complaint, defendant promised that a program arising from the federal stimulus bill would be forwarded to the Bazzys, but the package did not arrive until just prior to the sheriff's sale. The Bazzys requested an extension, but were informed that it was too late and that the program was no longer available to them. Defendant then allegedly offered the Bazzys a cash-out or pay-off at current market value, to which the Bazzys agreed. The Bazzys obtained an appraisal, but they never received an agreement for a pay-off from defendant.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a district court to assess in a motion to dismiss whether the plaintiff has stated a claim upon which relief may be granted. In making that assessment, the court must construe the pleadings in a light most favorable

to the plaintiff and determine whether the plaintiff's factual allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564, 127 S. Ct. 1955, 1970 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1965). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65). In deciding a Rule 12(b)(6) motion, a district court may properly consider documents that are referred to in the complaint and central to the claim. Armengau v. Cline, 7 Fed. App'x. 336, 344 (6th Cir. 2001) (citing Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999)).

## III. Analysis

### A. Count I - Promissory Estoppel

The elements of a promissory estoppel claim are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided. Novak v. Nationwide Mutual Ins. Co., 235 Mich. App. 675, 686-87 (1999); Industrial Maxifreight Services, LLC v. Tenneco Automotive Operating Co., 182 F.Supp.2d 630, 634-35 (W.D. Mich. 2002).

The promises alleged by the Bazzys include that they were "assured and promised by Defendant's Agents that the program being forwarded to Plaintiffs was part of the stimulus bill and it would be forwarded to Plaintiff." (Complaint, ¶ 11) In addition,

"Defendant's Agent offered a cash-out or pay-off at current market value" and "Plaintiff agreed and awaited the agreement after getting an appraisal on the subject property as requested by Defendant's Agent". (Complaint, ¶ 12). Finally, "Defendant also informed Plaintiffs after returning the signed settlement agreement the Sheriff's Sale would be cancelled," however no settlement agreement was provided and the sheriff's sale went forward. (Complaint, ¶ 15).

In this case, the alleged oral promises are not clear and definite enough to comply with Fed. R. Civ. P. 9(f), which requires the pleading of time and place of the alleged promise. The alleged promises fail to satisfy Twombly's minimum pleading requirements because it is unclear who made the promise and who was responsible for obtaining the appraisal. Plaintiffs do not allege who they dealt with from defendant, or when and where the alleged promises were made.

Even assuming plaintiffs had pleaded a claim for promissory estoppel, the claim is barred by the statute of frauds. MCL 566.132(2)(b) provides that an action shall not be brought against a financial institution to enforce a promise to modify repayment or performance of a loan or other financial accommodation, unless the promise or commitment is in writing and signed with an authorized signature by the financial institution. Count I is specifically aimed at a financial institution and seeks to enforce a 'promise' that (1) modifies the loan or (2) allows the repayment of the loan at the current fair market value of the property. There is no written document memorializing the agreement between the parties in this case.

There is a tension between the statute of frauds and the doctrine of promissory estoppel in Michigan:

Michigan courts apply the doctrine of promissory estoppel cautiously, and

4

> only where the facts are unquestionable and the wrong to be prevented undoubted. If the doctrine of promissory estoppel is to be applied to circumvent the statute of frauds, it should be applied only to avoid the perpetration of a fraud.

Industrial Maxifreight, 182 F.Supp.2d at 636 (citations omitted). In Industrial Maxifreight, the court enforced the statute of frauds where the plaintiff was a business, represented by counsel, in a real estate deal where the plaintiff proceeded with the construction of a warehouse on property before having a firm, written lease agreement from defendant.

In Michigan, application of the doctrine of promissory estoppel is based on the particular factual circumstances of the case and, as an equitable remedy, is employed to alleviate injustice resulting from strict adherence to established legal principles, such as those underlying the statute of frauds. Crest the Uniform Co., Inc. v. Foley, 806 F.Supp. 164 (E. D. Mich. 1992).

Plaintiffs refer to an "Exhibit A" as documentation submitted in support of their claims, and to defeat the statute of frauds. While not attached to their pleadings, plaintiffs' counsel brought Exhibit A to the hearing on defendant's motion to dismiss. Exhibit A consists of four documents. A letter dated April 15, 2009 is attached to a loan modification "offer", which lists terms and conditions offered by IndyMac Federal Bank. The document states that "[i]n order to take advantage of this one time offer, please sign the enclosed Modification Agreement (and notarize, if applicable) and return in the enclosed UPS overnight envelope by 4/22/2009." The next sentence states that notarization is required in plaintiffs' case. The document provided to the court has signatures lines with Jeffery Bazzy's and Amal Bazzy's name typewritten beneath, but there are no signatures. There is a signature line for a vice president of IndyMac Federal Bank, but it is also unsigned. At oral argument on defendant's motion to dismiss, plaintiffs' counsel stated that he does not

know if plaintiffs signed and returned the loan modification agreement.

The second document in Exhibit A is a letter dated June 4, 2009, which offers to review the Bazzy's situation and to work with them to make their mortgage more affordable. The Bazzy's are instructed to complete an enclosed financial packet by submitting documentation of their income and returning the financial packed in the enclosed prepaid envelope by June 23, 2009. There is no allegation in the pleadings or at oral argument that the Bazzys completed or returned a financial packet.

A third document is a letter dated June 11, 2009, informing the Bazzys that they may qualify for a Home Affordable Modification Trial Period Plan. The letter instructs the Bazzys to submit a hardship affidavit, submit documentation of their income, and make timely monthly trial period payments. The letter also requires the Bazzys to let IndyMac Mortgage Services know that they accept the Trial Period Plan by June 23, 2009. Again, there is no documentation that plaintiffs took any of the actions outlined in the June 11, 2009 letter, nor is there any allegation that they pursued the Trial Period Plan.

The final document in Exhibit A is a notice of mortgage foreclosure sale, setting the sheriff's sale of the Snow Road property for July 15, 2009.

While plaintiffs may in fact be unsophisticated individuals, there is no evidence at all to support the oral promises allegedly made by defendant, other than the allegations made in plaintiffs' complaint. The statute of frauds must be enforced in this case, and plaintiffs' promissory estoppel claim is dismissed.

### B.  Count II - Violation of TILA

The Bazzys contend that defendant provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan in violation of the TILA. In addition the Bazzys maintain that they could not discover said violations because

"the documents provided to Plaintiff were withheld from Plaintiff and if they existed at all, were seriously misleading." (Complaint, ¶ 17).

15 U.S.C. § 1640(e) provides in pertinent part that '[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." "[T]he statute of limitations for actions brought under 15 U.S.C. § 1640(e) is subject to equitable tolling in appropriate circumstances, and . . . for application of the doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." Jones v. TransOhio Savings Association, 747 F.2d 1037, 1043 (6th Cir. 1984). To prevail on a claim of fraudulent concealment, the plaintiff must show that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence. Jarrett v. Kassel, 972 F.2d 1415, 1423 (6th Cir. 1992).

Defendant argues that the events that form the basis of the Bazzys' TILA action occurred at origination of the loan, on November 28, 2007. This action, which was filed on July 20, 2009, violates the one year statute of limitations. The Bazzys contend that because they were not provided with documentation, they were unaware of their rights, and the statute of limitations is subject to equitable tolling.

The complaint in this case does not address what affirmative steps the defendant took to conceal the possible cause of action, or how plaintiffs exercised due diligence to discover the cause of action. This case is further complicated by the fact that the defendant, IndyMac Mortgage Services, was not involved in the origination of the loan. As such, IndyMac Mortgage Services could not have engaged in any decision about the Bazzys' repayment ability at origination of the loan. IndyMac Bank was the originating

mortgagee, but as a failed financial institution which has been taken over by FDIC it is not subject to this court's jurisdiction.

Construing the pleadings in a light most favorable to the Bazzys, defendant IndyMac Mortgage Services is entitled to dismissal of the Bazzys' TILA claim as alleged in Count II because the claim is time barred and the doctrine of equitable tolling does not apply. Twombly, 550 U.S. at 564.

### C. Count III - Specific Performance

The Bazzys seek to have the sheriff's sale set aside so that they may remain the owners of the subject property. A party seeking specific performance must allege and prove an inadequate remedy at law. JP Morgan Chase Bank, NA v. Winget, 510 F.3d 577, 584 (6th Cir. 2007). The Bazzys argue that land is presumed to be unique, therefore monetary damages would not fully compensate them and specific performance is the appropriate remedy. However, the real property in this case is only used to secure the Bazzys' loan obligation. This is not a case alleging breach of a contract to purchase land, where specific performance may be an appropriate remedy. The court does not need to resort to equitable remedies where there is an adequate remedy at law, as there is in this case. The Bazzys' specific performance count is dismissed.

### D. Count IV - Equal Credit Opportunity Act

The Bazzys allege that they were provided with an "unfair mortgage/note as it relates to the terms of conditions of the loan transaction based on Plaintiffs national origin and location of the subject property." (Complaint, ¶ 30). The Equal Credit Opportunity Act makes it unlawful for any creditor to discriminate against an applicant with respect to any aspect of a credit transaction on the basis of national origin, among other things. 15 U.S.C. § 1691(1). Other than the fact that the Bazzys are of Indian descent, the Bazzys have

made no specific factual allegations of discrimination to support a claim under the ECOA. The ECOA claim is therefore dismissed.

### E. Count V - Intentional Infliction of Emotional Distress

The Bazzys allege that they were victims of defendant's actions of stringing them along, promising them a loan modification, only to go forward with the foreclosure process. The Bazzys claim they have suffered severe emotional distress due to defendant's outrageous and extreme conduct.

The case of Roberts v. Auto-Owners Ins. Co., 422 Mich. 594 (1985) sets forth the standard for intentional infliction of emotional distress. The case requires conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 603. The problem in this case is that the Bazzys have failed to specifically identify the conduct that forms the basis of their claim of intentional infliction of emotional distress. All that is alleged is a "promise" to modify a loan or permit a pay-off at current market value. Although the possibility of losing one's home is not to be minimized, the Bazzys have not alleged conduct by IndyMac Mortgage Services which could be seen to rise to the level of extreme or outrageous. Count V is dismissed.

## IV. Conclusion

For the reasons stated above, IndyMac Mortgage Services' motion to dismiss is GRANTED.  IndyMac Federal Bank is DISMISSED WITHOUT PREJUDICE.  Plaintiffs' case is DISMISSED.

So Ordered.

Dated:  February 23, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 23, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---